(No. 15960.—Judgment affirmed.)

THE FREEMAN COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(AMOS PETERSON, Defendant in Error.)

*Opinion filed June 17, 1924.*

WORKMEN'S COMPENSATION—*when injury to head justifies an award for permanent partial disability.* Where the evidence is not disputed that a coal miner received a severe gash in his scalp by falling slate at the same time he sustained an injury to his leg resulting in a temporary loss of its use, an award for permanent partial disability because of dizziness, which developed after the filing of the original petition for award for temporary loss of use of the leg, is justified where the record fairly tends to show that the dizziness resulted from the injury to the head.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

JOHNSON & PEFFERLE, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The Industrial Commission affirmed an award to defendant in error for injuries received in the course of employment with the plaintiff in error mining company. He was injured by the falling of slate. He received a severe cut on his head, a bruise on his shoulder and his right foot was injured. He returned to work five weeks after the injury, and the evidence shows that shortly thereafter there developed a dizziness, characterized by him in his testimony as "head swimming." These seizures come upon him about once a week. When seized he falls in a manner similar to an apoplectic seizure. The medical testimony of the physician who attended him characterized his ailment as Jacksonian apoplexy. · In answer to a hypothetical question setting out the injury as testified to by the defendant in error, he stated that he was of the opinion that the condition was brought about by traumatic injury to the head. In the opinion of the physician testifying for the plaintiff in error, the dizzy spells were the result of disturbances of the centers of equilibrium and were connected with the ear. The record shows that in 1913 the defendant in error had lost the hearing in his left ear. Defendant in error's testimony shows him to be a man thirty-two years of age, who prior to his injury had never suffered any of the symptoms of dizziness or seizures of unconsciousness; that they had gradually developed, beginning some weeks after his injury, and the record shows that at the hearing on review before the commission his condition had not improved. The arbitrator found a temporary partial loss of the use of the injured leg and permanent partial disability arising out of injury to the head, and entered an award for temporary loss of the use of the leg and awarded $8.36 per week for a period of 409 weeks for permanent partial disability. This award was confirmed by the commission and the circuit court.

The controversy in the case arises on the award for permanent partial disability. Jurisdictional facts are stipulated. At the time the application for adjustment was filed the only complaint made was for the temporary loss of the use of the injured leg. It appears from the evidence that the dizziness referred to developed after filing the original petition.

Plaintiff in error contends that the evidence does not show that the dizziness and seizures of unconsciousness were caused by the injury. We are of the opinion, however, that the record tends fairly to establish such to have been their cause. As we have seen, the defendant in error's medical testimony is to that effect. The medical witness for the plaintiff in error, while ascribing the disease to the ear as the cause, does not testify that such symptoms would not be produced by trauma, and it is undisputed that defendant in error received a severe gash in the scalp by the falling slate. We are of the opinion that the arbitrator and the commission were justified in finding that the condition of the defendant in error was brought about by the injury he received in the mine.

It is also contended that the amount of the weekly award was not justified by the evidence. The defendant in error testified that prior to being injured he mined on an average twelve to fourteen tons of coal per day; that since his injury his average was not over seven and a half tons. The price received for mining was $1.04 per ton. The decrease in his earning capacity would be, by these figures, four and a half tons per day, or a difference of $4.68 per day. These figures easily justify, under the statute, an award for $8.36 per week for permanent partial disability.

There is no error in the record, and the judgment of the circuit court confirming the award will be affirmed.

*Judgment affirmed.*